## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                   'O'

| Case No. | 2:14-cv-09003-CAS(VBKx) | Date | January 15, 2015 |
|---|---|---|---|
| Title | ALEXANDER LEIBMAN v. ALEXANDER SASHA PRUPES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(In Chambers)** ORDER ADDRESSING PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND GRANTING LEAVE TO FILE A FIRST AMENDED COMPLAINT

On November 20, 2014, plaintiff Alexander Leibman filed this lawsuit against defendant Alexander "Sasha" Prupes ("defendant") and Does 1 through 10. Dkt. No. 1. In brief, the complaint asserts that defendant, who was formerly in business with plaintiff, attempted to blackmail and extort money from plaintiff through threats that he would report plaintiff for tax fraud or evasion. On December 22, 2014, the Court ordered plaintiff to show cause why the action should not be dismissed for (1) failure to state a cognizable federal claim for relief and (2) failure to allege facts sufficient to support diversity jurisdiction. Dkt. No. 8. On January 9, 2015, plaintiff timely responded to the order to show cause. Dkt. No. 11.

In his response, plaintiff concedes that there is no private right of action under 18 U.S.C. §§ 873 or 875. He nevertheless argues that the jury will need to be instructed on federal law, somehow conferring federal question jurisdiction. The Court is puzzled by this argument. In its support, plaintiff cites (1) a criminal case holding that state extortion law was properly assimilated into a federal criminal prosecution under the Assimilative Crimes Act, 18 U.S.C. § 13; (2) a federal case explaining that California law provides a private right of action for extortion; and (3) two California cases interpreting the California extortion statute.[1] None of these authorities has anything to do with federal

---

[1]United States v. Teplin, 775 F.2d 1261, 1263 (4th Cir. 1985); Monex Deposit Co. V. Gilliam, 680 F. Supp. 2d 1148, 1155–56 (C.D. Cal. 2010); Stenehjem v. Sareen, 226 Cal. App. 4th 1405, 1417–18 (2014); Mendoza v. Hamzeh, 214 Cal. App. 799, 806 (2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 2:14-cv-09003-CAS(VBKx) | Date | January 15, 2015 |
|----------|-------------------------|------|------------------|
| Title | ALEXANDER LEIBMAN v. ALEXANDER SASHA PRUPES, ET AL. | | |

question jurisdiction, or suggests that a California claim for extortion includes a federal question on the face of the complaint when some of the alleged conduct occurred outside of California.  In fact, none of plaintiff's cited civil cases even mention the federal law of extortion.  Nevertheless, plaintiff also requests leave to amend his complaint to assert a federal claim for relief for violation of the Fair Debt Collections Practice Act, 15 U.S.C. § 1692 *et seq.*  This statute does provide a private right of action.  See id. § 1692k.  Because a "court should freely give leave" to amend a pleading, Fed. R. Civ. P. 15(a)(2), the Court GRANTS plaintiff leave to file his proposed First Amended Complaint forthwith.[2]

IT IS SO ORDERED

|        | 00 | : | 00 |
|--------|----|---|----|
| Initials of Preparer | | CMJ | |

---

[2]Plaintiff also responds to the Court's indication that it could not discern an amount-in-controversy from the face of the complaint, arguing that an exhibit attached to the complaint shows that plaintiff's theory of damages includes that defendant disclaimed a debt of $135,000.  Because the Court grants leave to file an amended complaint asserting a federal claim for relief, the Court need not address diversity jurisdiction in this order.