Joseph M. Kar, Esq. (SBN 207414)
**LAW OFFICE OF JOSEPH M. KAR, PC**
15250 Ventura Blvd., Suite 1220
Sherman Oaks, CA 91403
Tel:    (818) 501-6930
Fax:    (818) 501-6935

Attorney for Plaintiff, ALEXANDER LEIBMAN, an individual

# UNITED STATES DISTRICT COURT

## STATE OF CALIFORNIA - CENTRAL DISTRICT

| | |
|---|---|
| ALEXANDER LEIBMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER "SASHA" PRUPES, AND DOES 1 through 10, inclusive,<br><br>**Defendants.** | Case No.: CV 14-9003-CAS (VBKx)<br><br>[Assigned to District Judge, Hon. Christina A. Snyder for all purposes and Magistrate Judge Victor B. Kenton for discovery and related motions]<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S ALEXANDER PRUPES' MOTION TO DISMISS PER FRCP §§ 12 (b)(1), (b)(2), and (b)(6); DECLARATIONS OF ALEXANDER LEIBMAN AND JOSEPH M. KAR, ESQ. AND EXHIBITS A TO E HERETO**<br><br>DATE:    MARCH 2, 2015<br>TIME:    10:00 AM<br>CTRM:   5<br><br>Trial Date: None Set. |

**COMES NOW**, PLAINTIFF, ALEXANDER LEIBMAN, and hereby respectfully submits the following memorandum of points and authorities in opposition to Defendant ALEXANDER PRUPES' motion to dismiss ,

///

///

///

PLF'S OPPOSITION TO DFT'S MOTION TO DISMISSAL - LEIBMAN - 1

## TABLE OF CONTENT

MEMORANDUM OF POINTS AND AUTHORITIES ... 4

I. PRELIMINARY STATEMENT. ... 4

II. LOCAL RULE 7-3 HAS *NOT* BEEN SATISFIED. ... 4

III. THE CIVIL EXTORTION CAUSE OF ACTION IS ADEQUATE. ... 6

IV. THE THIRD CAUSE OF ACTION FOR VIOLATION OF THE FDCPA IS APT OR SHOULD BE ALLOWED TO BE ALLEGED MORE CLEARLY. ... 8

V. THE DECLARATORY AND INJUNCTIVE RELIEF CLAIMS ARE PROPER. ... 9

VI. THE COURT HAS SUBJECT MATTER JURISDICTION. ... 9

VII. MR. PRUPES PURPOSELY DIRECTED EMAILS TO WHERE PLAINTIFF RESIDED AND THEREFORE CANNOT DISPUTE PERSONAL JURISDICTION. ... 11

VIII. THE COURT SHOULD NOT DISMISS THIS CASE WITH PREJUDICE AS TO ANY STATE LAW CLAIMS. ... 14

IX. CONCLUSION. ... 14

# TABLE OF AUTHORITIES

**Statutes and Rules**

| | |
|---|---|
| Local Rule 7-3 | 4-6, 8 |
| FRCP § 12 (b) (6) | 4, 7 |
| 15 U.S.C. § 1692a | 9 |
| Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. | 8-9 |
| FRCP § 12 (b)(1) | 11 |
| FRCP § 12 (b)(2) | 14 |

**Case Law**

| | |
|---|---|
| Monex Deposit Co. v. Gilliam, 680 F. Supp. 2d 1148 (C.D. Cal. 2010) | 6 |
| Flatley v. Mauro (2006) 39 Cal.4th 299 | 6 |
| Stenehjem v. Surya Sareen, 226 Cal.App.4th 1405 (Cal. Appeal 6th Dist. 2014) | 6-7 |
| Mendoza v. Hamzeh, 214 Cal.App. 799, 806 (Cal. Appeal 2nd Dist., Div. 1, 2013) | 7 |
| Taylor v. Walmart, Inc., 2010 U.S. Dist. LEXIS 79367 (E.D. Cal. 2010) | 7 |
| Life Bliss Found. v. Sun TV Network Ltd., 2015 U.S. Dist. LEXIS 4009 (Cal. C.D. 2015) | 7 |
| Balisteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). | 7 |
| Lazy Y. Ranch LTD. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008) | 7 |
| Bell v. Twombly, 550 U.S. 544 (2007) | 7-9 |
| Ashcroft v. Iqbal, 556 U.S. 662 (2009) | 7 |
| Levitt v. Yelp! Inc., 2011 U.S. Dist. LEXIS 124082 (Cal. N.D. 2011) | 9-10 |
| Allen v. Ross, 2013 U.S. Dist. LEXIS 68683 (E.D. 2013) | 10 |
| Fleming v. Coverstone, 2009 U.S. Dist. LEXIS 53825 (Cal. S.D. 2009) | 11-13 |
| Walden v. Fiore, 134 S. Ct. 1115, (2014) | 13 |
| Dole Food Co. v. Watts, 303 F.3d 1104 (9th Cir. 2002) | 13-14 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT.

The Court is requested to deny the Defendant's motion for procedural and substantive reasons. **First**, Defendant's counsel did not meet and confer substantively, and Defendant included objections in his motion that were not even referenced in the short but difficult phone calls Defendant's counsel instituted. Indeed, Defendant's counsel did not meet and confer within seven (7) days of filing the motion on the bulk of his motion, as required in Local Rule 7-3.

**Secondly**, both of Defendant's objections under FRCP § 12 (b) (6) are without merit. Extortion is a tort that is well recognized in California and Federal courts, and Defendant is a business consultant not a dentist and has liability under Fair Debt Collections Practices Act for threatening to collect a bogus debt through his attorneys and through complaints to the IRS.

**Next**, the notice of motion does not contain any reference to the declaratory or injunctive relief but the memorandum filed with the notice purports to attack that cause of action anyway. In fact, the declaratory and injunctive relief claims are apt, and withstand Defendant's objection upon a proper reading of the whole of the complaint.

**Fourth**, Defendant has no basis to object to the amount in controversy, nor did Defendant's counsel meet and confer on this theory as a basis for his motion. **Fifth**, this Court does have *in personum* jurisdiction over Defendant Alexander Prupes since he purposely injected himself by transmitting extortionate threats to California. Defendant knew or should have known that Plaintiff was residing in California, and there is reference to such knowledge made by Defendant in one of his emails.

**As a result**, the motion to dismiss is not well taken, nor has Defendant and his counsel met and conferred adequately or in good faith as required by Local Rule 7-3. Therefore, this Court is respectfully requested to deny the motion in its entirety.

### II. LOCAL RULE 7-3 HAS *NOT* BEEN SATISFIED.

Defendant's counsel made only cursory efforts to meet and confer and "hid the ball." Defendant's counsel, Leila Rosetti, would not agree to discuss any cases or law supporting Defendant's motion before it was actually filed and despite specific requests. Ms. Rosetti also waited until the day she filed the motion to meet and confer for the *first* time on Defendant's

objections to the FDCPA claim.

Local Rule 7-3 provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion." (*italics* in original).

Defendant's counsel would not, despite many requests, identify her case law or exact reasons for objections. On December 12, 2014, Ms. Rosetti telephoned Mr. Kar to discuss primarily an extension to respond to the original complaint. Ms. Rosetti quickly mentioned a motion to dismiss was going to be filed based on lack of "personal jurisdiction" or venue, but did not elaborate or provide any authority for the envisaged motion.

Ms. Rosetti also questioned the existence of a "civil extortion" cause of action, but Mr. Kar verbally provided her state law case citations for the extortion claim in that conversation. **Kar Decl., ¶ 2**; attached hereto as **Exhibit A** is a true and correct copy of emails to/from Mr. Kar and Ms. Rosetti on 12/12/2014. Mr. Kar also requested Ms. Rosetti follow up with a written correspondence after that conversation.

On January 15, 2015, Ms. Rosetti phoned about a third extension. Mr. Kar inquired of the need for the extension and reminded Ms. Rosetti of her obligation to meet and confer under Local Rules. However, Ms. Rosetti told Mr. Kar that there was no new basis for the motion. Thus, no stipulation for an extension was needed or reached on that occasion. **Kar Decl., ¶ 3**; attached hereto as **Exhibit B** is a true and correct copy of emails to/from Mr. Kar and Ms. Rosetti on 1/15/2015.

On January 28, 2015, Ms. Rosetti contacted Mr. Kar via email asking to confer telephonically about the Defendant's motion to dismiss, but Mr. Kar was not in town. Defendant's counsel did not otherwise explain the need to confer in any way. **Kar Decl., ¶ 4**; attached hereto as **Exhibit C** is a true and correct copy of emails to/from Mr. Kar and Ms. Rosetti on 1/28/2015 and 1/29/2015.

Until, on Monday, February 2, 2015, Ms. Rosetti spoke to Mr. Kar about the motion to dismiss. She stated that Defendant had a new objection which concerned the definition of "debt collector" in respect to the new claim for violation of the FDCPA. Mr. Kar requested Ms.

Rosetti to provide him a writing on the topic because he felt a bit "ambushed" since Ms. Rosetti insisted on conducting only impromptu *tet-a-tet* conversations to replace the formal exchange of information required under Local Rule 7-3. Although he did not mention it, Mr. Kar was/is also preparing for a complex state court trial. Despite Mr. Kar's direct requests for citations and authority Ms. Rosetti frustratingly retorted that it was "plaintiff's burden to prove his case," and she would not provide any law or facts related to the motion she was expecting to file. **Kar Decl., ¶ 5**; attached hereto as **Exhibit D** is a true and correct copy of emails to/from Mr. Kar and Ms. Rosetti on 2/2/2015.

As seen above, the Court has good cause to disregard the motion in its entirety because of Defendant's failure to strictly comply with Local Rule 7-3.

## III. THE CIVIL EXTORTION CAUSE OF ACTION IS ADEQUATE.

Exhibit 6 to the complaint demonstrates the extortion itself and is discussed in ¶ 17. Boldly, Defendant wrote stating that he felt his unliquidated claims were worth $400,000 in damages against Plaintiff. Defendant then wrote acknowledging that he owed Plaintiff $135,000 in relation to the failed business in Ukraine. So, Defendant supposed to extinguish that real debt he owed Plaintiff on his own accord, and then threatened to report Plaintiff to the IRS and use his attorneys to collect the balance if he were not paid $265,000 immediately.

The operative complaint truthfully alleges,

> 22. Defendant, and DOES 1 to 10, inclusive, and their words, writings, and actions as alleged above constitute blackmail and/or extortion in violation of 18 U.S.C. §§ 873 and 875 and California Penal Code §§ 518 and 523. In particular, Defendant demanded payment of money for a claim, which Plaintiff disputed, and which thereafter Defendant threatened in words, writing, and conduct, and by transmitting emails across State lines, using the Internet and Computer Servers to Plaintiff, to report him to the Internal Revenue Service, and specifically expressing threats that Plaintiff would lose 'at least $10 million dollars' and could or would suffer 'imprisonment.'

While it is true Plaintiff is unable to assert a private right of action under the federal extortion statutes, Plaintiff is and has alleged sufficient facts and law to support a civil tort claim. AC ¶¶ 7-19, 21-24; Monex Deposit Co. v. Gilliam, 680 F. Supp. 2d 1148, 1155-1156 (C.D. Cal. 2010); Flatley v. Mauro (2006) 39 Cal.4th 299, 326-327 [a cause of action for civil extortion

exists even if the money demanded was not actually paid]; Stenehjem v. Surya Sareen, 226 Cal.App.4th 1405, 1417-1418 (Cal. Appeal 6th Dist. 2014); Mendoza v. Hamzeh, 214 Cal.App. 799, 806 (Cal. Appeal 2nd Dist., Div. 1, 2013) [" '[T]he accusations need only be such as to put the intended victim of extortion in fear of being accused of some crime."]

In Taylor v. Walmart Inc, the district court explained:

> **Courts have relied on the definition and elements of the criminal code to analyze a civil extortion claim.** See Monex Deposit Co. v. Gilliam, 666 F. Supp. 2d 1135, 2009 WL 2870642, at *1 (C.D.Cal.2009) (relying on California Penal Code section 518 to define civil extortion as "the obtaining of property from another, with his consent ... induced by a wrongful use of force or fear ..."). California has recognized a claim of "civil extortion" for the recovery of money obtained by the wrongful threat of criminal or civil prosecution. See Fuhrman v. Cal. Satellite Sys., Inc., 179 Cal.App.3d 408, 426, 225 Cal. Rptr. 140, 231 Cal.Rptr. 113 (1986). The Court construes the claim as one for civil extortion.

Taylor v. Walmart, Inc., 2010 U.S. Dist. LEXIS 79367 at * 9-10 (E.D. Cal. 2010) (**bold** added); see also Life Bliss Found. v. Sun TV Network Ltd., 2015 U.S. Dist. LEXIS 4009 at * 11-12 (Cal. C.D. 2015).

Thus, when weighing over a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a dismissal is only proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balisteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. Lazy Y. Ranch LTD. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929, (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (*citing*

Twombly, 550 U.S. at 556).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiffs obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted). Thus, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562 (*quoting* Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984).)

The operative complaint here and the extortionate emails attached from Mr. Prupes were transmitted across state-lines to Plaintiff in California in and about 2014, after Plaintiff returned home to California in November 2013. It is alleged that, by October 2014, Defendant was very aware that Plaintiff met with his attorney in Los Angeles since Plaintiff told him so, and Defendant acknowledged that he was awaiting the results of that meeting in his email of October 11, 2014. **Exhibits 4-5 to complaint; Leibman Decl., ¶ 2**.

Although Defendant now avers that he was totally unaware of Plaintiff's location, Mr. Prupes' after-the-fact statements are inconsistent with his email correspondence explaining that he was growing impatient with Plaintiff's silence, after Plaintiff met with his attorneys. **Exhibit 4 to complaint**.

Thus, by October 14, 2014, knowing that Plaintiff was in Los Angeles, California, and had met with his attorneys, Defendant directly transmitted his final threats to report Plaintiff to the IRS if not paid immediately. **Exhibits 6-7 to complaint**. Therefore, the Court is respectfully requested to deny the motion to dismiss as to the first cause of action for civil blackmail/extortion based on the correct law and review of all the allegations and attachments.

**IV.   THE THIRD CAUSE OF ACTION FOR VIOLATION OF THE FDCPA IS APT OR SHOULD BE ALLOWED TO BE ALLEGED MORE CLEARLY.**

Defendant's objection to the sufficiency of the third cause of action is mistaken, even if the Court forgives Defendant's counsel's failure to abide by Local Rule 7-3. Initially, Defendant inaccurately and therefore untruthfully describes his trade as a dentist. In his 2011 bankruptcy filings to the New Jersey Bankruptcy Court, Mr. Prupes described his trade as "self-employed

business consultant" but did not regard his Russian degree in dentistry, which he cannot truthfully say he really practiced in that field. Attached hereto as **Exhibit E** is a true and correct copy of the Chapter 7 petition filed by Alexander Prupes on June 30, 2011 in the action entitled In re Alexander Prupes, Case No. 11-29721-NLW.

15 U.S.C. § 1692a expressly states, in pertinent part, that "the term [debt collector] includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

Here, Defendant's initial threats and demands for payment identified his attorneys as pursuing debts on his behalf. Then, Defendant invokes the IRS to foster support for his collection efforts against Plaintiff. As such, Plaintiff has and can truthfully allege that Defendant identified/named his attorneys and the IRS in collecting or attempting to collect his alleged debts. Accordingly, the Court has good reason to deny the motion as to Plaintiff's claim under the FDCPA or to allow leave to amend to clarify. Twombly, supra, 550 U.S. at 555.

## V. THE DECLARATORY AND INJUNCTIVE RELIEF CLAIMS ARE PROPER.

Defendant's objection to the Declaratory and Injunctive relief are not stated in their notice and Defendant's counsel totally failed to mention this point during any purported effort at meeting and conferring. Thus, the motion as to the second cause of action should be denied for procedural defects alone.

Substantively, Defendant's objection is premised upon the success of their objections to the first and third causes of action, thus if those fail so does this objection. The extortion cause of action is well pled, albeit Defendant challenges the jurisdiction of the federal courts. The violation of the FDCPA claim is also proper. As such, this Court has good reason to exercise supplemental or pendent jurisdiction in order to decide declaratory and injunctive relief claims in this case. Accordingly, Defendant's objection to the second cause of action fails.

## VI. THE COURT HAS SUBJECT MATTER JURISDICTION.

The Court has subject matter jurisdiction to hear the FDCPA claim as well as diversity or supplemental jurisdiction over the other claims. Rather, the motion is based on contradicting the allegations in the operative complaint without providing evidence in support of the motion. *See*

*also*, Levitt v. Yelp! Inc., 2011 U.S. Dist. LEXIS 124082, at * 10-11 (Cal. N.D. 2011) [" '…in the absence of a full-fledged evidentiary hearing, disputes in the facts pertinent to subject-matter are viewed in the light most favorable to the opposing party.' In re Facebook, 2011 U.S. Dist. LEXIS 60604, 2011 WL 2039995 at *2 (*citing* Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996))…."]

In Allen v. Ross, the District Court for the Eastern District explained:

> District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. Generally, in an action where subject matter jurisdiction is premised on the diversity statute, there must be complete diversity of the parties, which means that all of the plaintiffs have a different state of citizenship than all of the defendants. See, e.g., Cook v. AVI Casino Enters., Inc., 548 F.3d 718, 722 (9th Cir. 2008).
>
> District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (*modification in original*) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009).

Allen v. Ross, 2013 U.S. Dist. LEXIS 68683, at * 7-8 (Cal. E.D. 2013).

The District Court in Allen v. Ross, supra, dismissed a complaint for extortion because of the lack of diversity of citizen but held that the allegations that damages were over $75,000 was enough to withstand a motion to dismiss. Oppositely, the amended complaint in this case does properly include sufficient factual allegations that show that Plaintiff's damages exceed the

jurisdictional minimum for diversity, even though the exact words are not specifically stated.

As the defense even conceded, Mot., at pg. 12, Defendant admits to owing Plaintiff $135,000 which Defendant deducted from his first extortive demand of $400,000. AC ¶ 17 and **Exhibit 6 to complaint.** Plaintiff therefore pled and can more clearly allege that the diversity jurisdictional minimums are satisfied. Therefore, the Court should deny the motion made under FRCP § 12 (b)(1), or allow leave to amend.

## VII. MR. PRUPES PURPOSELY DIRECTED EMAILS TO PLAINTIFF KNOWING HE WAS IN CALIFORNIA.

The motion attacking personal jurisdiction does not make sense, --since Defendant seems to now deny knowledge of Plaintiff's location and home, even though Defendant threatened to report him to the IRS for tax fraud. The operative complaint truthfully alleges in,

¶ 1 "Plaintiff ALEXANDER LEIBMAN ("Mr. Leibman") at all relevant times is individual, domiciled and a resident of in the state of California in and about November 2013 to present…."

¶ 2, "Defendant ALEXANDER "SASHA" PRUPES ("Mr. Prupes") at all relevant times is individual, domiciled and a resident of in the state of New Jersey…."

¶ 17, "On October 12, 2014 and after, Mr. Prupes continued to write Mr. Leibman long and threatening emails demanding a 'severance package.' Specifically, on October 14, 2014, Mr. Prupes demanded $265,000 from Mr. Leibman in a threatening email if he were not immediately paid."

¶ 18, "Then, on November 12, 2014 at 8:26 am, Mr. Prupes, writing an electrnoic (sic) email in the state of New Jersey, transmitted and directed an email communication to Mr. Leibman, in the County of Los Angeles, state of California, threatening to report Mr. Leibman to the United States Internal Revenue Service for tax-fraud or evasion."

The District Court for the Southern District of California held in Fleming v. Coverstone, 2009 U.S. Dist. LEXIS 53825 (Cal. S.D. 2009),

> On a motion to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction. Farmers Ins. Exchange v. Portage La Prarie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990). A district court has the discretion to take evidence at a preliminary hearing in order to

resolve issues of credibility or disputed questions of fact with regard to jurisdiction. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). Where the motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to satisfy this burden. Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). While the plaintiff cannot "simply rest on the bare allegations of its complaint," Amba Marketing Systems, Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977), uncontroverted allegations in the complaint must be taken as true. AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. Id.; see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1087 (9th Cir. 2000). "[I]f a plaintiff's proof is limited to written materials, it is necessary only for these materials to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss." Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).

The exercise of personal jurisdiction over a nonresident defendant must be authorized under the state's long-arm statute and must satisfy the due process clause of the United States Constitution. Pac. Atl. Trading Co. v. M/V Main Express, 758 F.2d 1325, 1327 (9th Cir. 1985). California's long-arm statute permits the exercise of personal jurisdiction "on any basis not inconsistent with the Constitution of the United States." Cal. Civ. Pro. Code § 410.10. Due process requires that the defendant have such "minimum contacts" with the forum state that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1954). Under due process analysis, a defendant may be subject to either general or specific personal jurisdiction. Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).

A court exercises specific personal jurisdiction (footnote 1 omitted) over a defendant where the cause of action arises out of or has a substantial connection to the defendant's contact with the forum. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002). The Ninth Circuit analyzes specific jurisdiction according to a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege

          of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

          (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

          (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Menken v. Emm, 503 F.3d 1050, 1057 (9th Cir. 2007).
Fleming v. Coverstone, supra, 2009 U.S. Dist. LEXIS 53825, at * 24-27.

Plaintiff has satisfied the requirements of personal jurisdiction on the face of the complaint since it is alleged that Defendant sent Plaintiff a final extortionate email to California from New Jersey. AC ¶ 18. Moreover, Plaintiff has provided his declaration that he had previously informed Defendant personally that he was in California, and that he met with his attorney in Los Angeles by October 11, 2014. **Leibman Decl., ¶ 3**.

Mr. Leibman can also comfortably allege that Defendant was well aware that he resided in Los Angeles, since Mr. Prupes knew that Mr. Leibman decamped from Russia to his home in Encino, Ca. in and about November 2013. **Leibman Decl., ¶ 4**.

"To determine if the Court has specific jurisdiction over a defendant, 'the defendant's suit-related conduct must create a substantial connection with the forum State.' Walden v. Fiore, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014). This substantial connection has two parts: (1) 'the relationship must arise out of contacts that the 'defendant himself' creates with the forum State' and (2) the defendant's contacts must be with the state itself, not contacts with persons who reside there. Id. at 1122." Life Bliss Found. v. Sun TV Network Ltd., supra, 2015 U.S. Dist. LEXIS 4009 at * 21-22.

Dole Food Co. v. Watts, 303 F.3d 1104 (9th Cir. 2002) is instructive since it explains how personal jurisdiction lies for wrongful conduct similar to Defendant's herein, directed at a resident of California.

    Under our precedents, the purposeful direction or availment requirement for specific jurisdiction is analyzed in intentional tort cases under the "effects" test derived from Calder v. Jones, 465 U.S. 783, 79 L. Ed. 2d 804, 104 S. Ct. 1482 (1984). In Calder, the Supreme Court determined that California courts could exercise jurisdiction over an editor and a reporter who caused a defamatory article

about a California resident to be published in Florida and circulated in California, on the ground that the tortious conduct was "expressly aimed" at the forum state in which harm occurred. See id. at 788-89. **As we have previously recognized, Calder stands for the proposition that purposeful availment is satisfied even by a defendant "whose only 'contact' with the forum state is the 'purposeful direction' of a foreign act having effect in the forum state."** Haisten v. Grass Valley Med. Reimbursement Fund, 784 F.2d 1392, 1397 (9th Cir. 1986) (emphases omitted); see also Bancroft & Masters, 223 F.3d at 1087 ("In Calder, the Supreme Court held that a foreign act that is both aimed at and has effect in the forum state satisfies the purposeful availment prong of the specific jurisdiction analysis."). Based on these interpretations of Calder, the "effects" test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.

Id. at 1111 (**bold** added).

In this case, the Court should use the "effects" test to find that personal jurisdiction lies against the Defendant for dispatching threatening and extortionate emails to Plaintiff. Mr. Prupes was expressly aiming the emails to Mr. Leibman in his home state of California, and Plaintiff has and can adequately show that Mr. Prupes knew Plaintiff was in California and would suffer harm there. Thus, the motion to dismiss contesting personal jurisdiction under FRCP §12 (b)(2) must fail because ample facts show Mr. Prupes was aiming for Plaintiff in California and knew he would cause Plaintiff financial harm there.

## VIII. THE COURT SHOULD NOT DISMISS THIS CASE WITH PREJUDICE AS TO ANY STATE LAW CLAIMS.

In abundance of caution, should this Court find reason to dismiss this federal action, Plaintiff respectfully requests the Court to specify that any such dismissal is without prejudice to refiling this action in the State Court. Defendant is expected to incorrectly argue that this Court's dismissal might bar the refiling of a state court action against the Defendant on the same or similar claims.

## IX. CONCLUSION.

**WHEREFORE**, the Court is respectfully requested to deny the motion to dismiss on all grounds or otherwise grant leave to amend for the reasons stated above.

Dated: February 9, 2015

Respectfully Submitted,
**LAW OFFICE OF JOSEPH M. KAR, PC**

By: _____
Joseph M. Kar
Attorney for Plaintiff, ALEXANDER LEIBMAN