ERIC A. SCHNEIDER (Bar No. 94574)
  eas@amclaw.com
LEILA M. ROSSETTI (Bar No. 247929)
  lmr@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
707 Wilshire Boulevard
Suite 4000
Los Angeles, California  90017-3623
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

Attorneys for Defendant ALEXANDER PRUPES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEXANDER LIEBMAN, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>ALEXANDER "SASHA" PRUPES, AND DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. CV14-09003-CAS (VBKx)<br><br>**DEFENDANT ALEXANDER PRUPES'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:     March 2, 2015<br>Time:    10:00 a.m.<br>Crtrm.:   5<br><br>Trial Date:          None |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## I. INTRODUCTION

The plaintiff's opposition to defendant Sasha Prupes's motion to dismiss fails to present the Court with a single substantive argument, or any relevant legal authority, to support denial of the motion. Instead, the plaintiff devotes the majority of his opposition focusing on minor procedural issues to distract the Court from the indisputable conclusion that jurisdiction is lacking in this matter and further that the plaintiff has failed to state a single claim for which relief can be granted.

The plaintiff is aware, and in fact concedes throughout the opposition, that he has no legal basis to support any of his claims, yet he asks this Court to waste the resources of the Court and of the parties for the sake of inconsequential matters which the plaintiff does not even contend to have caused him any prejudice.

After wading through the red herrings in the opposition, it is manifestly clear that the plaintiff cannot present a single argument to support either the maintenance of his claims or the granting of leave to file yet another amended complaint. As such, the motion should be granted it its entirety, and the plaintiff's First Amended Complaint ("FAC") should be dismissed with prejudice.

## II. SUBJECT MATTER JURISDICTION IS LACKING

The plaintiff claims that subject matter jurisdiction is present because the Court has federal question jurisdiction over the FDCPA claim and that the remaining claims are proper under either diversity jurisdiction or supplemental jurisdiction. However, the opposition fails to point to any authority whatsoever to support his claim for supplemental jurisdiction and further fails to present any facts or legal authority to support the presence of diversity jurisdiction.

### A. Supplemental Jurisdiction

Supplemental jurisdiction refers to the rule that if a federal court has original (i.e. federal question) jurisdiction over any claim in a suit, it may exercise supplemental jurisdiction over the remaining claims in the suit. *See* 28 USC §1367. The law is clear that supplemental jurisdiction "a doctrine of *discretion*, not of

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

plaintiff's right." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006), citations omitted, emphasis added; *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 639, (2009)("With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise.").

Here, the plaintiff has not even attempted to present the Court with a basis to exercise its discretion to find that supplemental jurisdiction exists over the state law claims, which is reason enough for the Court to decline to do so.

Furthermore, as set forth in section V, below, the plaintiff's claim under the FDCPA, the basis for his assertion of supplemental jurisdiction, fails as a matter of law because the FAC fails to even allege, nor can the plaintiff truthfully do so, that Prupes is a "debt collector" covered under the FDCPA under any definition.  The plaintiff has attempted to artfully "plead around" the fact that his suit fails under diversity jurisdiction by adding a claim under a federal statute which does not apply to the instant action.  However, due to the failure of the FDCPA claim, this tactic is untenable.  "Because pendent [supplemental] jurisdiction is derivative, it makes no sense to speak of [supplemental] jurisdiction until after a court has independently acquired jurisdiction over a federal cause of action." *Hunter v. United Van Lines*, 746 F.2d 635, 649 (9th Cir. 1984); *see also Alton v. Alaska,* 2014 WL 3895261, at *3 (D. Alaska, 2014)("[B]ecause the Court has determined [the] sole federal claim . . . cannot be heard in federal court, there is no basis for the Court to exercise supplemental jurisdiction").  There is no basis for supplemental jurisdiction here.

### B. Diversity Jurisdiction/Amount in Controversy

Despite the fact that the plaintiff was already given an opportunity to amend his complaint, the FAC again fails to even allege that the amount in controversy has been met in this matter.  Moreover, the opposition fails to provide any basis to support any amount in controversy over $75,000.

Inexplicably, the opposition frames Prupes's argument as "based on

contradicting the allegations in the operative complaint without providing evidence in support of the motion." (Opp., 9:28) This claim is nonsensical and misleading. The FAC does not make any mention whatsoever of the amount in controversy requirement and the motion does not dispute that the plaintiff references an email[1] wherein Prupes acknowledges that the plaintiff paid him some money at one point in time. However, the plaintiff fails to explain how this suffices to establish any amount in controversy on any claim pled by the plaintiff in the FAC. The FAC does not contain any allegation that Prupes owes the plaintiff $135,000 under, say, a claim for breach of contract or unjust enrichment. Indeed, given that the Court gave him an opportunity to amend and he still fails to meet the basic requirement of alleging a minimum amount in controversy, and further fails to provide any basis for how the plaintiff has any claim for $135,000, it is clear that the plaintiff tacitly concedes that this money was properly paid to Prupes, i.e. the amount is not in controversy at all, much less under any claims alleged in the FAC.

The plaintiff next inexplicably relies on the case of *Allen v. Ross*, 2013 U.S. Dist. LEXIS 68683, to support his contention that the FAC alleges facts sufficient to meet the amount in controversy requirement. (Opp., 10:25-11:1) In *Allen*, the only issue before the court was a *pro per* plaintiff's application to proceed *in forma pauperis*. In its ruling on the application, the court recommended to the judge assigned to the matter that the case be dismissed for lack of subject matter jurisdiction. In making this recommendation, the court noted that the complaint made mention that the plaintiff was "seeking $75,000" and found that "[e]ven accepting plaintiff's "75,000" allegation, however, plaintiff has not sufficiently alleged that the parties' citizenship is completely diverse." *Allen v. Ross*, , 2013 WL

---

[1] The FAC on file, which is the only copy ever presented to Prupes, fails to attach any exhibits; however, the plaintiff relies on exhibits purportedly attached to the FAC to support the presence of subject matter jurisdiction in this matter. (Opp., 11:4.)

3

DEFENDANT ALEXANDER PRUPES'S REPLY IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT

2103636, at *4 (E.D. Cal. May 14, 2013).

The plaintiff relies on this ruling as the sole legal authority to support this position that, "*[o]ppositely*, the amended complaint in this case does properly include sufficient factual allegations that show that Plaintiff's damages exceed the jurisdictional minimum for diversity, ***even though the exact words are not specifically stated***." (Opp., 10:27-11:1, emphasis added.)  This argument is unavailing for multiple reasons.  First, the FAC does not contain any allegation which can be construed in any way to allege an amount in controversy over $75,000.  Next, the plaintiff is relying on a case which does not even address the issue of subject matter jurisdiction, does not find that the allegation of an amount in controversy is sufficient, and recommends dismissal on the basis of a *lack* of subject matter jurisdiction.  *See Allen, supra*, at *4.  And lastly, the notion that any ruling can be relied upon to support the "opposite" ruling has no support in established legal authority and the plaintiff points to none.

"The amount in controversy for jurisdictional purposes is determined by the amount of damages . . . that is the ***subject of the action***."  *Meisel v. Allstate Indem. Co.,* 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005), cit. omitted, emph. added.  The FAC is devoid of any claim, or allegation, the plaintiff suffered damages of $135,000 as a result of any act or omission by Prupes.  While the plaintiff asks this Court to grant leave to amend because the plaintiff "can more clearly allege" the purported amount in controversy, this request must be denied both because the plaintiff has already been given *two* opportunities to meet this very basic minimum pleading requirement and further because the theory on which the plaintiff relies, even if it were actually set forth in the FAC, fails to establish any amount in controversy over $75,000 arising out of the plaintiff's claims in this matter.

The issue of subject matter jurisdiction is not discretionary but rather a c*onstitutional* issue, as the Constitution specifically delineates the "absolute limits" of the jurisdiction of federal courts.  *See Ankenbrandt v. Richards*, 504 U.S. 689,

695 (1992); Constitution Article III, Section 2.  The plaintiff has failed to meet these mandatory requirements for establishing subject matter jurisdiction in this matter.  For this reason alone, the FAC must be dismissed in its entirety, with prejudice.

## III.  THE COURT LACKS PERSONAL JURISDICTION OVER PRUPES

The opposition fails to provide any basis for the exercise of personal jurisdiction in this matter.  First, the plaintiff cites to no legal authority to support the exercise of jurisdiction in a matter where the **only** contact with the forum state was the sending of an email, nor has he provided any law to refute the case law cited in the motion which holds that "the sending of a single email, or even a series of emails, by itself, ***does not amount to purposeful availment***."  *Rupert v. Bond*, 2014 WL 4775375, at *19 (N.D. Cal. Sept. 22, 2014), emphasis added.

Instead, the plaintiff seeks to refute the sworn statement of Prupes, wherein Prupes states that at no time did he purposefully direct an email to the plaintiff in the state of California, by submitting a declaration whereby the plaintiff claims that Prupes "knew or should have known" that the plaintiff resided in Encino and that the plaintiff is "fairly certain" that he told Prupes that he had moved to Encino.  *See* Leibman Decl., ¶¶2 & 4.  This evidence is insufficient for two reasons.  First, the plaintiff being "fairly certain" that he informed Prupes of something does not establish that fact.  In addition, even if the Court believes that the Prupes had knowledge of the plaintiff residing in California, this does not establish that Prupes ever knew whether or not the plaintiff was physically in California at the time of sending any of the emails.

To be sure, the evidence supports the contrary: that the plaintiff had been travelling all over the country, and in fact the world, during his dealings with Prupes and further that Prupes specifically denies ever sending an email to the plaintiff with the knowledge that he was located in California at the time.  *See* Prupes Decl., ¶¶ 5 & 7.  There is no evidence to support the exercise of personal jurisdiction over Prupes in this matter.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1282573.1 06038-001

## IV. CIVIL EXTORTION/BLACKMAIL

The opposition contends that "[w]hile it is true Plaintiff is unable to assert a private right of action under the federal extortion statutes, Plaintiff is and [sic] has alleged sufficient facts and law to support a civil tort claim." (Opp., 6:26-27) The plaintiff supports this confounding assertion by reiterating the facts required to allege a cause of action for civil extortion under *state law* statutes, then citing to a number of cases, none of which addresses the issue of a motion to dismiss under FRCP 12(b)(6) for failure to state a cause of action in federal court and all of which cases address California state statutes. The plaintiff provides no explanation as to how or why these citations support the plaintiff's claim that he has stated a cognizable claim for extortion/blackmail, nor does either the FAC or the opposition contend that the plaintiff's claims are based upon any California statutes.

Moreover, the cases cited to by the plaintiff are all easily distinguishable from the issue before this court. In *Taylor v. Walmart*, 2010 WL 3069337 (E.D.Cal. 2010), the court had previously found that the claim for civil extortion failed to state a cognizable claim and the plaintiffs had already agreed not to amend their complaint with regard to that claim. *See Taylor, supra*, at *1. Thus, the issue was not before the court in this matter, it was not decided in the opinion cited in the opposition, and any discussion was purely dicta. *Id* at *4. In *Monex Deposit Co. v. Gilliam,* 680 F.Supp.2d 1148 (C.D. Cal. 2010), once again the issue of whether the claim was proper in federal court was not before the court in the opinion cited by the plaintiff. *See Monex, supra*, at 1155. Moreover, the *Monex* court addressed a claim for civil extortion based upon the *California* Penal Code. The plaintiff's FAC makes no mention of the California Penal Code, nor does the opposition, nor does the plaintiff ask this Court for leave to amend to add such a claim. The plaintiff's citation to the *Life Bliss Foundation* case (Opp., 7:14) should be disregarded both because there does not appear to be a citable decision in this matter and further because it is irrelevant to this matter: a review of the minute order preceding

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

judgment reveals that this case only addresses a motion to dismiss on jurisdictional and venue grounds and the sufficiency of a RICO claim.  *See* Reply Declaration of Leila M. Rossetti ("Reply Decl."), ¶ 12 & Exhibit "F."  The remainder of the cases cited by the plaintiff in support of this claim are *state* cases which do not address the issue of stating a cognizable *federal* claim.

The plaintiff has failed to state a federal claim for civil extortion/blackmail and he does not seek, nor is he entitled to, leave to amend this claim.  This claim must be dismissed with prejudice as a matter of law pursuant to FRCP 12(b)(6).

## V.     FAIR DEBT COLLECTION PRACTICES ACT

The plaintiff also fails to establish that Prupes is a "debt collector" within the meaning of the FDCPA.  First, the plaintiff alleges that Prupes "untruthfully describes his occupation as a dentist" by citing to inadmissible evidence[2].  This allegation is undercut by the FAC, which admits that "Mr. Prupes was a dentist in the former Soviet Union."  (FAC ¶ 2.)  Nor does the plaintiff cite to any legal authority to support the notion that the designation of a person's occupation in a bankruptcy filing is conclusive of that person's occupation for any purpose.

Moreover, the plaintiff misinterprets the FDCPA, by alleging that it applies to Prupes because Prupes purportedly "uses any name other than his own which would indicate that a third person is collecting or attempting to collect" a debt.  (*See* Opp., 9:5-14.)  The plaintiff refers to the "false name" exception to the requirement that the FDCPA only applies to someone who is regularly engaged in the practice of collecting debts on behalf of another.  *See e.g. Nielsen v. Dickerson*, 307 F.3d 623, 634 (7th Cir. 2002).  The plaintiff provides no evidentiary citation to support his

---

[2] Plaintiff's counsel attaches an uncertified pleading from a different action to his declaration, without providing any basis for his ability to authenticate this document and without filing a request for judicial notice.  This document is inadmissible and should be disregarded by the Court. *See* Prupes's concurrently filed Objection to Evidence Submitted in Opposition to Motion.

claim that Prupes purportedly "invoked" the name of his attorney or the IRS in seeking to collect the amounts owed to him by the plaintiff, and, given the fact that the FAC attaches no exhibits, the Court and Prupes are unable to even make an educated guess as to the plaintiff's purported support for this contention. Moreover, a review of the only emails which have been produced by the plaintiff thus far in this matter, those attached to the original complaint, reveals that Prupes did not once mention either his attorney or the IRS in any such correspondence.

In addition, the opposition contains no legal authority to support the notion that the false name exception applies in the situation when an individual, seeking to collect monies owed to him personally, "invokes" the name of an attorney or the IRS. In fact, a "creditor uses a name other than its own when it uses a name that implies that a third party is involved in collecting its debts, pretends to be someone else or uses a pseudonym or alias." *Maguire v. Citicorp Retail Servs., Inc*., 147 F.3d 232, 235 (2d Cir. 1998), citations omitted.

The plaintiff has pointed to no evidence or legal authority to support the application of the false name exception to the facts in the instant matter, nor has he established that Prupes regularly engages in the business of collecting debts for others. *See* 15 USC §1692a. The law is clear that the FDCPA does not apply to individuals collecting their own debts. *See e.g. Middleton v. Rogers Ltd., Inc*., 804 F. Supp. 2d 632, 636-637 (S.D. Ohio 2011). The plaintiff has failed to state a claim under the FDCPA and he does not seek, nor is he entitled to, leave to amend this claim. This cause of action must be dismissed with prejudice.

## VI. <u>INJUNCTIVE/DECLARATORY RELIEF</u>

As conceded by the plaintiff, the cause of action seeking injunctive/declaratory relief cannot be sustained if both of the plaintiff's other claims are dismissed. *See Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007). Thus, in the event that the court finds that it has jurisdiction over this matter, but that both of the plaintiff's claims for damages fail, this claim must be

dismissed with prejudice as a matter of law.

## VII. MEET AND CONFER EFFORTS PURSUANT TO LOCAL RULE 7-3

Because the plaintiff has no substantive basis to support denial of the motion, the majority of his opposition focuses on minor procedural defects as a result of which the plaintiff does not even claim to have suffered any prejudice. Tellingly, plaintiff spends over two pages of his opposition on the issue of the sufficiency of the parties' attempts to meet and confer pursuant to Local Rule 7-3. Even more tellingly, plaintiff fails to site to any authority which provides that failure to comply with LR 7-3 is fatal to a motion or cause for denial of a request for substantive relief, nor does the plaintiff even allege that he suffered any prejudice as a result.

The plaintiff further conveniently omits mention of the fact that, after his representation that he felt the parties had not sufficiently met and conferred, counsel for Prupes suggested that the parties stipulate to extend the deadline for Prupes to file a responsive pleading so that they could address the issues more thoroughly but that the plaintiff refused, despite the fact that counsels for both parties had been on vacation in the week preceding the filing of Prupes's motion. *See* Reply Decl., ¶ 11. If the plaintiff's objective were truly to substantively address the issues addressed in the motion, rather than simply to quibble over it in motion practice, he would have consented to a brief extension to discuss the issues at hand.

The plaintiff is correct when he alleges that counsel for Prupes failed to discuss all issues to be raised in the motion more than seven days prior to the filing of the motion. Namely, the argument pertaining to the FDCPA did not come to the attention of counsel for Prupes until six days prior to the deadline for filing (as this was an added cause of action which was not present in the original complaint), at which point plaintiff's counsel was immediately contacted to discuss the issue. Reply Decl., ¶¶ 8 & 9. However, the remainder of the plaintiff's objections to the meet and confer process are either inaccurate portrayals of what was discussed or irrelevant to the requirements of Local Rule 7-3. *See generally* Reply Decl.

9

DEFENDANT ALEXANDER PRUPES'S REPLY IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT

There is no rule which requires the parties to engage in endless debate about issues simply to rack up unnecessary legal fees, especially when many of these issues have already been briefed by the plaintiff with the court.  Moreover, the only cause of action for which a timely meet and confer did not take place is the claim under the FDCPA, which argument can of course be raised again at any time in a motion for judgment on the pleadings.

For all of these reasons, most significantly that the plaintiff does not even claim to suffered any prejudice as a result of any purportedly insufficient meet and confer, which was conducted in good faith, Prupes respectfully asks the Court to use its discretion to decide the motion on the merits.

Lastly, should the Court for some reason, despite plaintiff's failure to provide any legal authority in support, decide that Prupes's tardiness in meeting and conferring requires denial of any request for relief, it is respectfully submitted that such denial should apply only with regard to the FDCPA, as that is the only issue with regard to which counsel for Prupes was ***one day late*** in initiating meet and confer efforts.  Reply Decl., ¶¶ 8 & 9.

## VII. **CONCLUSION**

The plaintiff provides no substantive basis for the maintenance of this matter before this court, or any federal court.  Rather, he relies on minor procedural issues in an effort to convince this court to overlook the constitutionally defective allegations in his complaint, which run afoul of all relevant statutes and the FRCP.  The complaint must be dismissed in its entirety, with prejudice.

DATED: February 17, 2015          ANDERSON, McPHARLIN & CONNERS LLP

By: /s/ Leila M. Rossetti
Eric A. Schneider
Leila M. Rossetti
Attorneys for Defendant ALEXANDER PRUPES

10

DEFENDANT ALEXANDER PRUPES'S REPLY IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT