Joseph M. Kar, Esq. (SBN 207414)
**LAW OFFICE OF JOSEPH M. KAR, PC**
15250 Ventura Blvd., Suite 1220
Sherman Oaks, CA 91403
Tel:   (818) 501-6930
Fax:   (818) 501-6935

Attorney for Plaintiff and Cross-Defendant, ALEXANDER LEIBMAN, an individual

# UNITED STATES DISTRICT COURT
## STATE OF CALIFORNIA - CENTRAL DISTRICT
## WESTERN DIVISION

| | |
|---|---|
| ALEXANDER LEIBMAN, an individual, | Case No.: CV 14-9003-CAS (VBKx) |
| **Plaintiffs,** | [Assigned for all purposes including trial to Hon. Christina A. Snyder in Room 5] |
| vs. | |
| ALEXANDER "SASHA" PRUPES, AND DOES 1 through 10, inclusive, | **PLAINTIFF/CROSS-DEFENDANT'S OPPOSITION TO CROSS-COMPLAINANT'S EX PARTE APPLICATION CONTINUE AND/OR STAY MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOSEPH M. KAR, ESQ. AND EXHIBITS 1 TO 3 HERETO.** |
| **Defendants.** | |
| | DATE:   TBA |
| | TIME:   10:00 am |
| | CTRM:   5 |
| AND COUNTERCLAIM | [TRIAL DATE: JUNE 14, 2016] |

**TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**NOW, COMES, PLAINTIFF AND COUNTER-DEFENDANT**, ALEXANDER LEIBMAN (hereinafter, "Leibman"), hereby respectfully submits the following memorandum of points and authorities against the ex parte application to continue hearing on Mr. Leibman's summary judgment or partial summary judgment:

**OPP. EX PARTE RE: CONT.MSA/J AS TO X/C – LEIBMAN - 1**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  MOVANT HAS FAILED TO SHOW BASIS UNDER FRCP 56 (d).

Rule 56 (d) specifies that a nonmovant to a motion for summary judgment/partial summary judgment may show by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.  Here, in order to succeeded, the moving party on the ex parte application, Mr. Prupes, must establish that he cannot justify his opposition to the motion pending for November 2, 2015.  The only reason provided is a general because discovery is "just underway" and nothing more.

But, Mr. Prupes and his counsel have not been diligent about discovery in order to save on expenses.  The facts on this case are no mystery nor unattainable, and Mr. Leibman has been frank on the basis of his dispositive motion and when it would be filed, indeed the meet and confer process completed in Mid-August 2015 and the motion held because Mr. Rossetti explained that her work load was heavy and she needed time to catch up on her other work.  **Kar Decl., ¶ 2**.

Yet, despite having three attorneys on listed on the caption of this case, and knowing Mr. Leibman was promptly filing a dispositive motion, Mr. Prupes nevertheless delayed in engaging in discovery and served abusive discovery requests and interrogatories which will require to a protective order.

Under Rule 56 (d), the nonmoving party has to specify what facts at a deposition or in written discovery he *cannot* present or obtain to justify his opposition.  Wild speculation and unsupportable declarations are not enough.  Margolis v. Ryan, 140 F.3d 850, 854 (9th Cir. 1998) ("wild speculation" that facts and testimony sought to be discovered could actually be discovered will not support a continuance or denial of summary judgment motions under Rule 56(d)).

However, "[i]n making a Rule 56[(d)] motion, a party opposing summary judgment must make clear what information is sought and how it would preclude summary judgment." Margolis v. Ryan, supra, 140 F.3d at 853.  The ex parte application is therefore improper and inadequate as a matter of law.  Therefore, the ex parte application should be denied.

///

___

**OPP. EX PARTE RE: CONT.MSA/J AS TO X/C – LEIBMAN - 2**

## II. THE EX PARTE RELIEF IS NOT WARRANTED.

One who creates their own peril is not later entitled to claim urgency or irreparable harm stemming from that peril. <u>Mission Power Eng'g Co. v. Cont'l.</u>, 883 F. Supp.488, 492 (C.D. Cal. 1995). In this case, Mr. Prupes has *not* demonstrated that he does not have time to conduct discovery, rather he explains that his counsel waited and waited until it was too late. Mr. Leibman has made himself available for deposition immediately in October, although there are substantial objections to the requests for production and likely the anticipated lines of questioning which may likely require a protective order. **Kar Decl., ¶ 3**.

Moreover, Mr. Leibman offered a stipulation to continue his motion by one month prior to the filing of this ex parte, but his offer was rejected. **Kar Decl., ¶ 4**.

Also, well in advance of the motion, prior to the Scheduling Conference held in August in this case, Mr. Prupes' counsel was advised on Mr. Leibman's intention to file a dispositive motion promptly. **Kar Decl., ¶ 5**.

Next, the ex parte application also lacks any showing how Mr. Prupes is prejudiced since his counsel has not made any effort to show how Mr. Prupes is precluded from opposing the motion. In fact, there is ample time to at least make an effort to "obtain affidavits or declarations" as required by Rule 56 (d) before the November 2, 2015, yet Mr. Prupes improperly rushes into court 30 days in advance of the hearing without exploring real options first.

Thus, there is no real urgency and the peril addressed in the ex parte application is not accurate since Mr. Prupes' counsel has ample time to conduct discovery but instead argues to delay without cause.

## III. DEFENDANTS' DISCOVERY IS ABUSE AND IS A RECIPE FOR DISAGREEMENT ON ALL FRONTS.

By way of only one example, the 26th request for production of document and the deposition notice served ask: "All COMMUNICATIONS between YOU and any other PERSON regarding any business conducted in the State of California from January 1, 2010 to the present." Attached hereto as **Exhibits 1 to 3** are true and correct copies of Mr. Prupes' First Set of Special Interrogatories and Requests for Production, and Notice of Deposition and Requests for

---

**OPP. EX PARTE RE: CONT.MSA/J AS TO X/C – LEIBMAN - 3**

1  Production, respectively per Rules 30, 33, and 34.  One need only pick any request or
2  interrogatory at random to foresee the impropriety of the lines of questioning in light of the
3  claims presented.  In fact, Mr. Leibman has needed to begin the process on meeting and
4  conferring on a protective order early.

5        Here, the ex parte application, as explained above, merely objects to the motion for
6  summary judgment being heard without explaining how any of the discovery propounded by Mr.
7  Purpes will aid his opposition.  Mr. Prupes unequivocally declares that he has not been in
8  California in 15 years in his declaration to this Court, earlier in this case.  Mr. Leibman proves
9  that he was likewise outside the United States at all times relevant and provides his
10 corresponding passport marks for entry and exists as good evidence in support of his motion.

11       Likewise, the issue of employment addressed in Mr. Leibman's motion regards
12 establishing the Russian entity as the employer and owner, operator, and manager of the medical
13 clinic which is the basis of all Mr. Prupes' claims and defenses.  Mr. Leibman, a founder of the
14 clinic, and the Managing Director of the clinic, Mr. Chernov, establish that the medical clinic
15 exclusively serviced and services people in Russia and does no business with the United States at
16 all.

17       Finally Mr. Leibman's motion addresses the important legal issue of the due process
18 based on the choice of law, among other things argued in the motion.  But, Mr. Prupes has totally
19 failed to analyze how the requested discovery and a 3 month delay would allow him to obtain
20 facts, evidence, declarations, or testimony for his opposition.

21       Accordingly, Mr. Prupes' application should be DENIED because of the improper
22 discovery requests and interrogatories and failure to correlate that discovery to the opposition to
23 Mr. Leibman's motion.  **Exhibits 1 to 3**.

24 **IV.   CONCLUSION.**

25       **WHEREFORE**, the Court is respectfully requested to deny the application.

26 ///
27 ///
28 ///

**OPP. EX PARTE RE: CONT.MSA/J AS TO X/C – LEIBMAN - 4**

Dated: October 2, 2015

Respectfully Submitted,
**LAW OFFICE OF JOSEPH M. KAR, PC**

By: _/Joseph M. Kar/_____
Joseph M. Kar
Attorney for Plaintiff and Counter-defendant,
ALEXANDER LEIBMAN